# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF VIRGINIA
### Newport News Division

| | |
|---|---|
| JAMES EDWARD MOORE<br><br>            Plaintiff,<br><br>v.<br><br>CURTISS-WRIGHT CORPORATION, DANA COMPANIES, LLC, EATON CORPORATION, HAJOCA CORPORATION, HENKEL CORPORATION individually and as successor-in-interest to certain assets of the former DEXTER 2 CORPORATION and DEXTER HYSOL AEROSPACE, L.L.C. f/k/a DEXTER HYSOL AEROSPACE, INC., HONEYWELL INTERNATIONAL, INC., IMO INDUSTRIES, INC. individually and successor-in-interest, parent, alter ego, and equitable trustee to ADEL WIGGINS, ADEL FASTENERS, and WIGGINS CONNECTORS, MEGGITT AIRCRAFT SYSTEMS CORPORATION individually and as successor and/or parent to AIRCRAFT BRAKING SYSTEMS CORPORATION and AIRCRAFT BRAKING CORPORATION, METROPOLITAN LIFE INSURANCE COMPANY, NOLAND COMPANY, PARKER-HANNIFIN CORPORATION, PNEUMO ABEX LLC successor to ABEX CORPORATION, R.E. MICHEL COMPANY, INC., THE BOEING COMPANY, individually and as successor in interest to MCDONNELL DOUGLAS CORPORATION AND BOEING NORTH AMERICAN, INC., THE GOODYEAR TIRE & RUBBER COMPANY, UNITED TECHNOLOGIES CORPORATION individually and d/b/a PRATT & WHITNEY CO., INC. individually and d/b/a UTC AEROSPACE SYSTEMS, WACO, INC., and WYETH HOLDINGS CORPORATION as | Civil Action No.   4:17cv144 |

1

successor in interest to AMERICAN CYANAMID COMPANY,

        Defendants

## DEFENDANT THE BOEING COMPANY'S
## NOTICE OF REMOVAL

PLEASE TAKE NOTICE that Defendant, The Boeing Company ("Boeing") hereby removes the above-captioned action from the Virginia Circuit Court for the City of Newport News pursuant to 28 U.S.C. §§ 1442(a)(1) and 1446. In filing this notice of removal, Boeing does not waive any defenses that it may have in this action.

### I. BACKGROUND

1. On or about November 8, 2017, Plaintiff James Edward Moore filed a complaint (the "Complaint"), captioned *James Edward Moore v. A.W. Curtiss-Wright Corporation, et al.*, in the Virginia Circuit Court for the City of Newport News ("State Court"), Case No. 700CL1703995M-03, against Boeing and other Defendants. In the Complaint, Mr. Moore alleges that he developed mesothelioma as a result of asbestos exposure that he allegedly experienced from the maintenance, repair, and operation of military aircraft while in the service of the United States Air Force. *See* **Exhibit. A** at ¶¶ 4-5, 8(n).

2. Boeing manufactures and sells commercial and military aircraft, each of which is individually composed of myriad complex systems containing hundreds of thousands of component and sub-component parts manufactured by various other government contractors and sub-contractors. All aircraft that Boeing manufactured for the United States Government were specifically designed for military use. These military aircraft were manufactured according to reasonably precise specifications approved by the Government. Moreover, the Government

required that Boeing utilize specific, Government-furnished aircraft equipment in manufacturing these military aircraft.

3. Thus, Boeing was put on notice by service of the Complaint that it had a colorable basis to assert federal officer jurisdiction under 28 U.S.C. § 1442(a)(1).

4. The federal officer removal statute provides that a notice of removal must be filed within 30 days of a defendant's receipt of the initial pleading or, "[i]f the case stated by the initial pleading is not removable," within 30 days after that defendant's receipt of "an amended pleading, motion, order or other paper from which it may be ascertained that the case is one which is or has become removable[.]" 28 U.S.C. §§ 1442(a)(1), 1446(b)(3).

5. This Notice of Removal is timely filed, in accordance with 28 U.S.C. § 1446(b), within thirty (30) days after Boeing was served with the Complaint.

6. On or about December 12, 2017, before this action was removed, Boeing moved to dismiss the action for a lack of personal jurisdiction. That motion is now properly before this Court.

## II. FEDERAL OFFICER REMOVAL IS APPROPRIATE UNDER 28 U.S.C. § 1442(a)(1)

7. Removal is proper under 28 U.S.C. 1442(a)(1) when facts are disclosed establishing that: (1) the removing defendant is a person within the meaning of the statute; (2) it performed the complained of action at the direction of a federal officer and under color of federal office; (3) there is a causal nexus between the defendant's actions and the plaintiff's claims; and (4) the defendant asserts a "colorable federal defense." *Mesa v. California*, 489 U.S. 121, 123-35 (1989); *Sawyer v. Foster Wheeler LLC*, 860 F.3d 249, 254 (4th Cir. 2017); *Ripley v. Foster Wheeler LLC*, 841 F.3d 207, 209-10 (4th Cir. 2016); *Papp v. Fore-Kast Sales, Inc.*, 842 F.3d 805, 812 (3d Cir. 2016); 28 U.S.C. § 1442(a)(1)  All elements are present here.

8. *First*, as a corporation, Boeing is a "person" for purposes of 28 U.S.C. § 1442(a)(1). *Papp*, 842 F.3d at 812; *Ruppel v. CBS Corp.*, 701 F. 3d 1176, 1181 (7th Cir. 2012); *Isaacson v. Dow Chem. Co.*, 517 F. 3d 129, 135-36 (2d Cir. 2008); *Winters v. Diamond Shamrock Chem. Co.*, 149 F. 3d 387, 398 (5th Cir. 1998), *cert. denied*, 526 U.S. 1034 (1999).

9. *Second*, Boeing manufactured aircraft at the direction of a federal officer, the United States Government, and under color of federal office. The aircraft allegedly at issue was manufactured for the USAF pursuant to military procurement contracts with the United States Government and in compliance with detailed design specifications that were issued and/or approved by the Government. To the extent that the design or manufacture of aircraft included asbestos-containing parts or components, such inclusion was required by the Government in its approved detailed and precise specifications. Further, some aircraft components, such as engines and their component parts, were furnished by the Government and the Government required Boeing to install them on the aircraft. Any decision regarding asbestos in component parts was subject to close, detailed, and ongoing supervision and control of the United States Government and its officers. The Government likewise controlled the content of written materials and warnings associated with the aircraft. The Government exercised its discretion and approved certain warnings for aircraft designed, manufactured, and supplied by Boeing; Boeing provided the warnings required by the United States Government; and Boeing warned the United States Government about any asbestos hazards known to Boeing but not to the United States Government. *See Sawyer*, 860 F.3d at 255; *Papp*, 842 F.3d at 813; *Getz v. Boeing Co.*, 654 F.3d 852, 866 (9th Cir. 2011); *Winters*, 149 F.3d at 400.

10. Boeing's design and manufacture of aircraft under the control, direction, and supervision of the Government thus satisfies the "acting under" requirement. The "acting under" requirement,

like federal officer removal generally, "is 'broad' and is to be 'liberally construe[d]' in favor of the entity seeking removal.'" *Sawyer*, 860 F.3d at 255 (quoting *Watson v. Philip Morris Cos.*, 551 U.S. 142, 147 (2007)). Numerous federal courts have held, for purposes of federal officer removal, that military contractors were "acting under a federal officer" in relation to the design, manufacture, and supply of equipment to the United States Government. *See, e.g.*, *Papp*, 842 F.3d at 813 (stating that Boeing "easily satisfie[d] the 'acting under' requirement" where plaintiff's allegations were "directed at actions Boeing took while working under a federal contract to produce an item the Government needed, to wit, a military aircraft, and that the Government otherwise would have been forced to produce on its own"); *Durham*, 445 F.3d at 1251; *Ruppel*, 701 F.3d at 1181; *Hagen*, 739 F. Supp. 2d at 784. Indeed, Boeing could not change the design, component parts, or provide additional warnings on the aircraft without prior Government authorization. Moreover, not only did Boeing's acquisition of Government approval for any design change require strict compliance with the Government's formal, detailed change process procedures, the Government retained absolute authority at all times to accept, reject, or modify any aspect of a military government contractor's requested change proposal.

11. *Third*, there is a causal nexus between Boeing's alleged actions in manufacturing the aircraft and Plaintiff's alleged injury in that Mr. Moore claims that his mesothelioma was caused by the allegedly defective design of the aircraft and/or such injury was caused by Boeing's alleged failure to warn of the potential hazards of asbestos-containing components. To meet this requirement, "there need be only 'a connection or association between the act in question and the federal office.'" *Sawyer*, 860 F.3d at 258 (quoting *Papp*, 842 F.3d at 813) (emphasis added in *Sawyer*). If a defendant is sued for asbestos-related injuries purportedly arising from or relating to equipment that it manufactured and supplied to the United States Government under the

Government's detailed direction and control, that defendant has been sued in relation to conduct under color of its federal office, satisfying the "causal nexus" requirement. *See Cuomo v. Crane Co.*, 771 F.3d 113, 117 (2d Cir. 2014); *Ruppel*, 701 F.3d 1181.

12. *Fourth*, Boeing asserts a colorable federal defense, namely the "government contractor" defense set forth in *Boyle v. United Technologies, Inc.*, 487 U.S. 500 (1988) and its progeny. Under *Boyle*, a defendant must show that: (1) it designed, manufactured, and supplied the product at issue (including accompanying markings and manuals) according to "reasonably precise specifications" promulgated or adopted by the United States Government; (2) the equipment, markings, and manuals conformed with those specifications; and (3) at all relevant times, the United States Government had as much knowledge of the potential hazard as the defendant. 487 U.S. at 512; *accord Sawyer*, 860 F.3d at 255-56; *Ripley*, 841 F.3d at 210. To assert a colorable defense, a defendant is required only to identify facts which, viewed in the light most favorable to the defendant, would establish a defense under *Boyle* at trial, and "'need not win his case before he can have it removed.'" *Papp*, 842 F.3d at 815 (quoting *Willingham v. Morgan*, 395 U.S. 402, 407(1969)). *Accord Rhodes v. MCIC, Inc.*, 210 F. Supp. 3d 778, 782 (D. Md. 2016). "'Just as requiring a clearly sustainable defense rather than a colorable defense would defeat the purpose of the removal statute, so would demanding an airtight case on the merits in order to show the required causal connection.'" *Sawyer*, 860 F.3d at 258 (quoting *Jefferson County v. Acker*, 527 U.S. 423, 432 (1999)). Under identified facts similar to those here, federal courts consistently have denied motions to remand state law claims removed under the government contractor defense. *See, e.g.*, *Sawyer*, 860 F.3d at 259 (reversing district court's remand); *Ripley*, 841 F.3d at 211 (same); *Rhodes*, 210 F. Supp. 3d at 786; *Citrano v. John Crane-Houdaille, Inc.*, 1 F. Supp. 3d 459 (E.D. Va. 2014). *See also Emory v. McDonnell Douglas Corp.*, 148 F.3d 347, 353 (4th Cir. 1998)

(affirming summary judgment for defendant on government contractor defense); *Kleeman v. McDonnell Douglas Corp.*, 890 F.2d 698, 704 (4th Cir. 1989) (same).

13. The government contractor defense also applies to Plaintiff's failure-to-warn claims in that: (1) the Government approved specifications for military aircraft; (2) Boeing provided the warnings required by the Government; and (3) Boeing told the Government about any asbestos hazards that were then known to Boeing but not to the Government. *Sawyer*, 860 F.3d at 256. As recognized by the Fourth Circuit, "the rationales identified in *Boyle* remain applicable in failure to warn cases." *Ripley*, 841 F.3d at 211 (holding that government contractor defense is available in failure to warn cases). *See also Emory v. McDonnell Douglas Corp.*, 148 F.3d 347, 350 (4th Cir. 1998) (stating that decisions applying government contractor defense in failure to warn cases were "reasoned soundly"). In addition to the Fourth Circuit, the Second, Third, Fifth, Sixth, Seventh, Ninth, and Eleventh Circuits also have all applied *Boyle*'s government contractor defense in failure-to-warn cases. *Papp*, 842 F.3d at 814 & n.6 (collecting cases).

14. The government contractor defense is satisfied here because: (1) the design specifications, including all warnings, for the aircraft were issued and/or approved by the Government; (2) the aircraft did, in fact, conform to those specifications; and (3) to the extent that asbestos was believed, at the time, to be a hazardous material, the Government's knowledge of such hazards was superior to that of Boeing. *See Citrano*, 1 F. Supp. 3d at 467-69; *Hicks v. Boeing*, 2014 WL 1051748 (D. Del. Mar. 17, 2014); *Fung v. Abex Corp.*, 816 F. Supp. 569, 573 (N.D. Cal. 1992).

15. Moreover, the government contractor defense need apply to only one of the claims in a complaint to allow removal of the entire case under the federal officer removal statute. *Sawyer*, 860 F.3d at 257.

16. Boeing also is entitled to federal officer removal under 28 U.S.C. § 1442(a)(1) based on the separate defense of derivative sovereign immunity set forth in *Yearsley v. W.A. Ross Construction Co.*, 309 U.S. 18, 40 (1940). In *Yearsley*, the Court established that a government contractor acting at the direction and authorization of a government officer is immune from suit based on performance of the government contract. *Yearsley* is satisfied here because the acts complained of were performed at the direction of government officers acting under government authorization, and if the Government had performed those acts directly, it would be immune from suit.

### III.     JURISDICTION

17. Removal of this action is proper under 28 U.S.C. §§1331, 1442. Consistent with the short and plain statement of the law and facts set forth above, the federal district courts have original jurisdiction over the subject matter of this suit under 28 U.S.C. § 1442(a)(1), because Boeing was acting under an officer or agency of the United States Government in relation to any claims asserted against Boeing and Boeing can state at least a colorable defense under federal law to any such claims. *See Sawyer*, 860 F.3d at 254; *Papp*, 842 F.3d at 812-15; *Ruppel*, 701 F.3d at 1179-86.

18. "'Unlike the general removal statute, the federal officer removal statute is to be 'broadly construed' in favor of a federal forum.'" *Papp*, 842 F.3d at 811 (quoting *Defender Ass'n*, 790 F.3d at 466-67); *see also Willingham*, 395 U.S. at 406 (noting that scope of federal officer removal statute "is not narrow or limited").

## IV. INTRADISTRICT ASSIGNMENT

19. As stated above, Boeing has moved to dismiss this action for lack of personal jurisdiction within the Commonwealth of Virginia. That motion is now properly before this Court.

20. Because this Court is the United States District Court for the district and division embracing the place where the original State Court Complaint was filed, it is the appropriate court for removal under 28 U.S.C. § 1446(a). Boeing reserves the right to move the Court for transfer to another district.

## V. PROCEDURAL COMPLIANCE

21. Written notice of the filing of this Notice of Removal is being given promptly to Plaintiffs by service hereof, and a copy of the Notice of Removal is being filed promptly with the Virginia Circuit Court for the City of Newport News, as required by 28 U.S.C. § 1446(d). A copy of the notice provided to the state court (without exhibits) is attached as **Exhibit B.**

22. Because Boeing satisfies the requirements for removal under 28 U.S.C. § 1442(a)(1), it is entitled to remove this action without obtaining the consent of other defendants. *See, e.g.*, *Durham v. Lockheed Martin Corp.*, 445 F.3d 1247, 1253 (9th Cir. 2006); *Akin v. Ashland Chem. Co.*, 156 F.3d 1030, 1034 (10th Cir. 1998).

23. As required by 28 U.S.C. § 1446(a), true and correct copies of the process and pleadings served upon Boeing, and Boeing's Special Appearance, are being filed with this Notice of Removal **as Exhibit C.**

24. A court cannot remand a properly removed case for discretionary or policy reasons, such as allegedly related state court cases or a contention that judicial economy compels remand. 28 U.S.C. § 1447(c); *Thermitron Prods., Inc. v. Hermansdorfer*, 423 U.S. 336 (1976). The federal officer removal statute, 28 U.S.C. § 1442(a)(1), is not narrow or limited, and it should not be

frustrated by a narrow or grudging interpretation. *Willingham v. Morgan*, 395 U.S. 402, 405 (1960).

25. Should Plaintiff move to remand this case, Boeing respectfully requests an opportunity to respond more fully in writing, including submission of additional affidavits and authority.

26. Boeing reserves all of its defenses.

WHEREFORE, Boeing requests that this Court administer all further proceedings in this action until the action is either dismissed or transferred.

**THE BOEING COMPANY, Individually and as Successor in Interest to McDonnell Douglas Corporation and Boeing North America, Inc.**

By: /s/ Martin A. Conn

Martin A. Conn (VSB # 39133)
Eric G. Reeves (VSB # 38149)
MORAN REEVES & CONN PC
100 Shockoe Slip, 4th Floor
Richmond, Virginia 23219
Telephone: (804) 421-6250
Facsimile: (804) 421-6251
mconn@moranreevesconn.com
ereeves@moranreevesconn.com
*Counsel for The Boeing Company*

## CERTIFICATE OF SERVICE

I hereby certify that on the 14th day of December, 2017, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, served by electronic mail (PDF attachment) and by U.S. mail, postage prepaid, to counsel for plaintiff and served upon all other counsel of record via electronic mail (PDF attachment) as follows:

>Robert R. Hatten, Esq.
>Donald N. Patten, Esq.
>Hugh B. McCormick, III, Esq.
>Jennifer W. Stevens, Esq.
>William W.C. Harty, Esq.
>Erin E. Jewell, Esq.
>F. Alex Coletrane, Esq.
>Patten Wornom Hatten & Diamonstein
>12350 Jefferson Ave, Suite 300
>Newport News, Virginia 23602
>*Counsel for Plaintiffs*
>
>Thomas Radcliffe, Esq.
>Dehay & Elliston
>36 South Charles Street, Suite 1300
>Baltimore, Maryland 20201
>*Counsel for Dana Companies, LLC, Pneumo Abex Corporation, and Honeywell International, Inc.*
>
>Lynn K. Brugh, IV, Esq.
>Williams Mullen
>Post Office Box 1320
>Richmond, VA 232181320
>*Counsel for Eaton Corporation*
>
>Timothy S. Brunick, Esq.
>Clarke, Dolph, Hull & Brunick, PLC
>5712 Cleveland Street,
>Suite 130
>Virginia Beach, Virginia 23462
>*Counsel for IMO Industries, Inc.*
>
>William Wallace, Esq.
>Johnson, Ayers & Matthews
>Campbell Avenue at Second Street
>Post Office Box 2200

Roanoke, Virginia 240092200
*Counsel for Metropolitan Life Insurance Company*

Albert H. Poole, Esq.
Poole & Mahoney, P.C.
4705 Columbus Street
Virginia Beach, Virginia 234626749
*Counsel for Noland Company*

Carl Schwertz, Esq.
Miles & Stockbridge, P.C.
1751 Pinnacle Drive, Suite 500
McLean, Virginia 221023833
*Counsel for Parker-Hannifin Corporation and R.E. Michel Company, Inc.*

James G. Kennedy, Esq.
Pierce, Herns, Sloan & Wilson, LLC
The Blake House
321 East Bay Street
Charleston, South Carolina 29401
*Counsel for Union Carbide Corporation*

Shawn Voyles, Esq.
McKenry, Dancigers, Dawson & Lake
192 Ballard Court
Suite 400
Virginia Beach, Virginia 234626538
*Counsel for Waco, Inc.*

Richard J. Cromwell, Esq.
McGuireWoods LLP
101 West Main Street, Suite 9000
Norfolk, VA 23510
*Counsel for Wyeth Holdings, LLC*

Bruce T. Bishop, Esq.
Kevin P. Greene, Esq.
Michele F. Dallman, Esq.
Willcox & Savage, P.C.
440 Monticello Avenue, Suite 2200
Norfolk VA 23510
*Counsel for United Technologies Corporation*

And I hereby certify that I will mail the document by U.S. mail to the following:

Curtiss-Wright Corporation
c/o The Corporation Trust Company
1209 Orange Street
Wilmington, DE 19801

Henkel Corporation
200 Elm Street
Stamford, CT 06902

Meggitt Aircraft Systems Corporation
1204 Massillon Road
Akron, Ohio 44306

/s/ Martin A. Conn
Martin A. Conn (VSB # 39133)
Eric G. Reeves (VSB # 38149)
MORAN REEVES & CONN PC
100 Shockoe Slip, 4th Floor
Richmond, Virginia 23219
Telephone:  (804) 421-6250
Facsimile:  (804) 421-6251
mconn@moranreevesconn.com
ereeves@moranreevesconn.com
*Counsel for The Boeing Company*